# FLYNN & WIETZKE, P.C.

1205 Franklin Avenue, Suite 370
Garden City, N.Y. 11530
Tel: (516) 877-1234   Fax: (516) 877-1177

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/01/2022

Marc Wietzke, Esq.
Admitted in NY & NJ

_____

Sean Constable, Esq.
Admitted in NY & MA

Offices throughout the Northeast
Toll Free: (866) 877-FELA

**MEMO ENDORSED**

September 1, 2022

Judge Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:  GENE RUSSO V. NJ TRANSIT
     22 Civ. 1751 (VEC)

Dear Judge Caproni:

We are plaintiff's counsel in the above-entitled matter and write to bring a discovery concern to the Court's attention.  Your Honor's Order of July 28, 2022 (Docket 12) granted an extension of time to complete discovery as follows:

- Fact discovery shall be completed by 9/15/22;
- Plaintiff shall serve expert reports by 9/30/22;
- Defendant shall serve expert reports by 10/30/22; and
- Expert depositions shall be completed by 11/15/22.

As noted in the letter leading to the extension (Docket 11), on July 6, 2022 plaintiff served a notice to depose defendant pursuant to FRCP 30(b)(6) on July 19, 2022.  No objection to the notice was made.  The notice included a schedule of the anticipated subjects for examination as follows:

**SCHEDULE A**

1) The procedure for preparation of time to receive passengers.
2) The notification of onboard train crews of assigned equipment.
3) The investigation of the incident involving plaintiff herein.
4) The review of any video surveillance footage related to the incident in question.
5) Conversation with any Amtrak personnel relating to the incident in question,
6) Police presence on New Jersey Transit trains operating from NY Penn Station to New Jersey.
7) Individual responsibility of onboard crew for passenger train preparation.

When plaintiff sought to confirm the deposition the day prior, defendant advised that no witnesses were available, but new dates would be forthcoming.

On July 29, 2022, this office emailed defendant providing dates for plaintiff's deposition and requested dates for the previously noticed 30(b)(6) deposition.

Receiving no response, on August 9, 2022, plaintiff unilaterally re-noticed the 30(b)(6) deposition for August 31, 2022, keeping the scheduled subjects the same.

On August 24, 2022 plaintiff sought to confirm the August 31, 2022 30(b)(6) deposition.

On August 26, 2022, defense counsel advised that they were waiting to hear from their client about availability and would advise further on August 29, 2022.  No such update was provided.

On August 30, 2022 defendant served a notice rescheduling plaintiff's IME to September 13, 2022.

No witness was produced.

August 31, 2022 has now come and gone, and depositions are still not completed.  I am loath to reach out to Your Honor on such a picayune discovery matter, but given the history above and the Court's Order, I feel have no choice.

Plaintiff respectfully requests that defendant be ordered to produce a properly prepared witness or witnesses sufficient to respond to all of the scheduled subjects on September 7, 8 or 9, 2022.  In accordance with the Court's Individual Rules in Civil Cases, plaintiff advises that defendant has not consented to this request.

Respectfully submitted,

Marc Wietzke

MW:EF
Cc:  Alex Stockdale, Esq.

---

The Defendant is hereby ordered to respond to Plaintiff's letter by **4:00 p.m. on September 2, 2022**.

The Court reminds Plaintiff's attorney, who has appeared in several cases before the Court and should be well-versed with the Undersigned's practices, that pursuant to the Undersigned's Individual Rule of Practice 3(B), parties must timely raise discovery disputes to the Court by jointly calling Chambers, not by unilaterally filing a letter on ECF.

SO ORDERED.

09/01/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE