UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENE RUSSO,<br><br>        Plaintiff,<br><br>    -v.-<br><br>NJ TRANSIT RAIL OPERATIONS, INC.,<br><br>        Defendant. | 22 Civ. 01751 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

In advance of the January 9, 2024 trial in this matter, and in follow-up to the Court's directives issued on January 3, January 4, and January 7, the Court hereby ORDERS as follows:

- The Court has now directed the parties three times—at the January 3 final pretrial conference, in the Court's January 4 Order (ECF No. 63), and in its January 7 Order (ECF No. 69)—to, *inter alia*, "file a joint letter (1) identifying all disputes that the parties have resolved; **and** (2) attaching [to the filed joint letter] any exhibits to which a party continues to object . . . . by **Sunday, January 7, 2024 at 12:00 p.m.**" ECF No. 69 (emphases in original) (alterations omitted). While the parties have since filed the required joint letter—more than three-and-a-half hours late, at 3:40 p.m. on January 7, and only upon the Court's prompting—they again failed to attach the exhibits that remain in dispute so as to facilitate the Court's review of those exhibits.

  Notwithstanding the Court's (repeated) directives that the parties attach the *disputed* exhibits to their belatedly submitted joint letter, the Court will make do with the full sets of exhibits that the parties have submitted. Nevertheless, the Court cautions that continuing non-compliance with Court Orders over the course of trial may result in adverse rulings against one or both parties.

- Pursuant to the Court's directive at the January 3 conference and in its January 4 Order, the parties were to "meet and confer [in good faith] in an effort to resolve disputes over the admissibility of exhibits, in accordance with Rule 7.F of the Court's Individual Rules and Practices in Civil Cases." ECF No. 63 at 1. Based on the Court's review of the parties' revised exhibit list and on Plaintiff's representations to the Court, it appears that "Defendant has not withdrawn **any** objections to plaintiff's exhibits." ECF No. 70 at 1 (emphasis added). Defendant's failure to withdraw or otherwise resolve even one of its objections, following the required meet and confer with Plaintiff in compliance with the Court's Order and with its Rules and Practices, is troubling. See ECF No. 63 at 1; see also R. 7.F. Defendant is directed to continue to confer with Plaintiff prior to trial in a good-faith effort to resolve its objections.

- The parties have proffered as exhibits (1) documents consisting of numerous pages and (2) videos consisting of multiple seconds or minutes. However, neither party has indicated which pages or seconds/minutes of those exhibits they intend to introduce at trial. The Court cannot and will not rule on evidentiary matters that have not been properly presented. Accordingly, for every multi-page document and for every multi-second/multi-minute video identified on the parties' respective exhibit lists, the parties must explain in writing exactly which pages and which seconds/minutes they seek to proffer as part of their respective cases-in-chief. The parties shall do so **no later than Monday, January 8, 2024** at **11:00 a.m.** Failure to timely comply with this directive may result in exclusion of one or more exhibits.

SO ORDERED.

Dated: January 7, 2024
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge